HOWARD BREWER

*v.*

RUSS DAVIDSON

445 S.W.2d 908

(*Nashville,* December Term, 1968.)

Opinion filed October 10, 1969.

RAY HOLLIS, Waynesboro, for appellant.

GEORGE G. GRAY, Waynesboro, for appellee.

MR. JUSTICE McCANLESS delivered the opinion of the Court.

Howard Brewer, Register of Deeds of Wayne County, filed his petition with the Chancellor at Lawrenceburg under the provisions of Sections 8-2001 and 8-2002, T.C.A., in which he alleged that by devoting his entire working time to the duties of the office he was unable to discharge them but had found it necessary to employ help at his own expense. He alleged also that the fees of his office were insufficient to compensate him under the maximum salary law but were less than the minimum salary guaranteed by Section 8-2405, T.C.A., which, in counties within the population range in which Wayne County falls, amounts to $4,600.00 a year. He prayed to be allowed to employ a clerk or assistant at an annual salary of $3,000.00 payable out of the fees of the office.

The defendant, Russ Davidson, County Judge, admitted all the allegations of the petition but resisted the application for the allowance of the payment of the salary out of the fees of the office because of the following language included in Section 8-2409, T.C.A.

"However, in computing the amount by which the total fees collected are to be supplemented by the county in order to make up the minimum salary required, no allowance shall be made for the compensation of deputies or assistants out of the total fees collected, * * * "

The petitioner, by the court's leave, amended his petition so as to charge that the language just quoted is void, being in violation of Article I, Section 8, and of Article II, Section 8, of the Constitution of Tennessee, and that it is contrary to public policy.

This case presents no issue of fact, the defendant having admitted and stipulated all the facts. The Chancellor included the following language in his decree:

"The Court further finds and adjudges that the allegations of the petition stating that the language in Code Section 8-2409 as therein set out is unconstitutional is hereby sustained, and, further, that it is in violation of the public policy of this State."

* * * * * *

"It is further ordered that that portion of Section 8-2409 Tennessee Code Annotated as hereinbefore mentioned be held unconstitutional as in violation of Article I, Section 8 and Article II, Section 8 of the Tennessee Constitution, and that it is in violation of the public policy of the State of Tennessee, and the same be stricken and deleted from the Acts."

The Chancellor allowed the salary of $3,000.00 for the assistant and a fee for petitioner's counsel, "all as provided by Section 8-2001, Tennessee Code Annotated."

The appeal was directly to this Court since the proceeding did not involve a review or determination of facts.

The appellant insists that Section 8-2409 is *in pari materia* with Section 8-2001 and with this insistence we agree. When Section 8-2409 provides that in the calculation of an official's minimum salary "no allowance shall be made for the compensation of deputies and assistants out of the total fees collected", the reference clearly is to the compensation of deputies and assistants under such proceedings as are provided for by Sections 8-2001 and 8-2002. The meaning of Section 8-2409 is not clear without reference to Sections 8-2001 and 8-2002. The purpose of Sections 8-2405 and 8-2409, inclusive, was to provide a minimum salary to each official according to population classifications, but, except for the official himself, to limit the contribution for the salaries in each office from the general funds of the county to the amount of the difference between the minimum salary set by statute and the fees of the office. If an official could not do the work himself, he might employ an assistant but he could not be paid more than the minimum salary, including the salary of the deputy. The official was guaranteed the minimum salary, but never any more for the operation of his office. The official might choose whether to do the work himself and enjoy the salary himself or to hire all or part of the work done by an assistant, pay the assistant himself, and thus get to keep and enjoy a reduced amount of the minimum salary.

The contention that Section 8-2409 violates Article I, Section 8, and Article II, Section 8, of the Constitution is

based on the provision of the second paragraph of the section which is that "allowance shall be made, out of the total fees collected, for the compensation of deputies or assistants allowed by the chancellors under the provision of this Code." This applies only to Clerks and Masters.

It must be noticed that this second paragraph was not a part of the section until it was added as an amendment by Chapter 133 of the Public Acts of 1959. If the section in its original form was valid then the addition of the second paragraph will not render invalid the other provisions of the section. Assuming the invalidity of the second paragraph—and assuming it only for this discussion—it and not the existing provisions would fail. *Tennessee Coal, Iron & R. Co. v. Hooper,* 131 Tenn. 611, 175 S.W. 1146.

We conclude, therefore, that regardless of the need of the appellee for a deputy or an assistant, he cannot under this record receive more than the minimum $4,600.00 salary, this to include the fees of his office, and that any salary he finds it necessary to pay a deputy or assistant, he will have to pay with his own funds or out of the minimum salary.

A decree in accordance with this opinion will be entered. The costs are adjudged against the appellee.

DYER, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.