Frank D. ATKINSON, Sheriff,
Plaintiff-Appellee,

v.

Hunt McCLANAHAN, County Judge,
Defendant-Appellant.

Court of Appeals of Tennessee,
Middle Section.

June 28, 1974.

Certiorari Denied by Supreme Court
Feb. 3, 1975.

John M. Wilson, Centerville, and Billy C. Jack, Columbia, for plaintiff-appellee.

Douglas T. Bates, Centerville, for defendant-appellant.

## OPINION

SHRIVER, Presiding Judge.

### I.

This suit, instituted by the Sheriff of Hickman County, was filed in the Circuit Court naming the Judge of the County Court of that County as the sole defendant. The complaint filed pursuant to Section 8–2001 et seq., T.C.A. seeks the approval of the Court of a salary increase for a Deputy Sheriff and the appointment of two additional Deputies at a salary of $500.00 a month each. The petition also seeks a decree of the Circuit Court requiring the County Court of Hickman County to pay the proposed salary increase of the present Deputy and the salaries of the two additional Deputies beginning September 1, 1973. There is also a prayer for an award of an attorney's fee for plaintiff's attorney and for the County to be required to furnish gasoline, oil and upkeep for automobiles used by said Deputies in the course of their duties.

The case came on to be heard on August 30, 1973 before the Honorable John H. Henderson, Judge of the Circuit Court of Hickman County, on the bill of complaint, exhibits thereto, answer of the defendant County Judge, and the testimony of plaintiff, argument of counsel and the entire record, and resulted in a decree to the effect:

(1) That the Court had jurisdiction of the parties and the subject matter;

(2) That the allegations of the complaint be sustained;

(3) That the Court is empowered by Section 8–2001 et seq., T.C.A. to allow plaintiff to employ Deputies;

(4) That by devoting his entire working time, plaintiff cannot properly and efficiently transact the business of his office;

(5) That it is necessary to increase the present Deputy's salary from $450.00 to $550.00 per month and to employ two additional Deputies Sheriff at a salary of $500.00 per month;

(6) That Hickman County be required to furnish upkeep, gasoline and oil for the car used by each of the Deputies in his official capacity;

(7) That plaintiff furnish at his own expense his patrol automobile, but at some future date, when by wear and tear, obsolescence, or damage, said automobile becomes unsuitable for such use, the County will replace same;

"(8) The Court takes judicial notice of the fact that Hickman County has an area of SIX HUNDRED THIRTEEN (613) SQUARE MILES, and at its present stage of development and its proximity to urban areas, it is impossible for any one person to properly and efficiently conduct the affairs and transact the business of the Office of Sheriff by devoting his entire working time thereto without the aid of two (2) additional Deputies Sheriff in additon to the present Deputy."

It was, therefore, ordered, adjudged and decreed that the Sheriff be authorized to employ two additional Deputies at a salary of $500.00 a month each and that the salary of the present deputy be increased to $550.00 a month, and:

"3. That the Quarterly County Court, at its October 1973 term of said County be, and it is hereby, directed to make the necessary appropriation to pay to the Sheriff of its County the maximum salary fixed by Section 8–2403, the expenses fixed by law for the operation of his office, including the salary of his Deputies as hereinabove set forth."

The decree also requires that the appropriation for salaries be made retroactive to September 1, 1973 and that the Sheriff report as of September 1, 1973, the excess fees collected to that date and from month-to-month thereafter, as required by Section 8–2001 et seq., T.C.A., and the decree allows $100.00 as attorney's fee for

the plaintiff to be paid out of plaintiff's excess fees, along with the costs of the cause.

To the foregoing decree, the defendant perfected his appeal to this Court and has assigned errors.

## II.

## ASSIGNMENTS OF ERROR

There are five assignments of error with numerous subsections which it will not be necessary to set out seriatim.

The assignments, in summary, are to the effect:

(1) That it was error for the Court to authorize employment of two additional Deputies at a salary of $500.00 a month each;

(2) That it was error to increase the salary of the present Deputy;

(3) That it was error to direct the Quarterly County Court to make the necessary appropriation to pay the minimum salary fixed by Section 8–2403, T.C.A. and the expenses of his office, including the salary of his Deputies;

(4) That it was error to order the appropriations made retroactive to September 1, 1973; and,

(5) That it was error for the Court to render its judgment upon the theory that T.C.A. Section 8–2404, as purportedly amended by Tennessee Acts 1973, Chapter 186, Section 1, authorized the action of the Court.

Under the foregoing Assignment No. 5, it is urged as follows:

"(1) Tenn. Act 1973, Ch. 186, Sec. 1, is unconstitutional in that:

(a) The purported amendment as interpreted by the Court is incongruous with other provisions of T.C.A. 8–2404 and other sections of T.C.A. not amended.

(b) The purported amendment as interpreted by the Court does not expressly amend other sections of T.C.A. with which it is in conflict.

(c) The purported amendment as interpreted by the Court renders T.C.A. 8–2404 and other sections of T.C.A. ambiguous.

(d) The purported amendment as interpreted by the Court effects an unlawful delegation of the legislative power to the Courts to set salaries of deputies payable from the general tax revenue, contrary to the Constitution of Tennessee, Art. II., Secs. 1, 2, 8 and 9."

## III.

Chapter 24, T.C.A. is entitled *"Compensation of County Officers and Clerks of Court."* Under said Chapter the Counties of the State are put in various classes according to population by Section 8–2402.

Section 8–2403 is entitled *"Maximum compensation of clerks and county officers."*

Section 8–2404 is entitled *"Fees in Lieu of Salary."* Said Section 8–2404, which is pertinent to our inquiry in the suit at bar, provides, among other things, that in case the fees collected by such County Officer are not sufficient to pay the expenses of the office together with the salary or salaries of a Deputy, or Deputies, *as may be allowed said office,* and also the maximum salary of said Officer as provided, then said Officer shall not receive the maximum salary as provided in Section 8–2403 but shall be entitled to the fees collected in said office; provided, however, officers for whom a minimum salary is required by Section 8–2405 shall be paid as required by 8–2405 and 8–2406. [Emphasis supplied]

A matter of special concern in the decision of the case at bar has to do with an amendment to Section 8–2404, enacted by the Legislature as Chapter 186, Public Acts of 1973, passed May 1, 1973 and approved

by the Governor May 7, 1973, said Act being as follows:

"*Section* 1. Tennessee Code Annotated, Section 8–2404, is hereby amended by deleting from the second line in the second paragraph of said section the word:

'may'

and inserting in lieu thereof the following word, to-wit:

'shall'

*Section 2.* This Act shall take effect upon becoming a law, the public welfare requiring it."

To understand the effect of this amendment it should be noted that the statute as it existed prior to said amendment was, in part, as follows:

"Provided further that the quarterly county court in any county of this state *may* make the necessary appropriation and pay to the sheriff of its county the maximum salary fixed by § 8–2403, and the authorized expenses fixed by law for the operation of his office, including the salary of all his deputies, which shall be the sole manner of compensation for those deputies, as authorized pursuant to chapter 20 of title 8 of this Code, direct from the county trustee in twelve (12) equal monthly installments irrespective of the fees earned by the sheriff." [emphasis supplied]

It will be seen that the amendment in question changed the word "may" to the word "shall", and it is argued by counsel for the defendant that the Act was, thus, rendered invalid as violating the Constitution of Tennessee or, in the alternative, that it should be construed as merely directive and not mandatory.

A careful examination of the statutes in question indicates to us that, under Section 8–2409, as amended in 1951, the Legislature required that the County Court supplement the fees collected by a Sheriff when necessary to pay him the minimum salary provided by law, but specifically excluded any requirement for any supplement with which to pay Deputies, the required supplement being for the Sheriff's pay only. Then in § 8–2404, second paragraph, as amended in 1965, the Legislature created a permissible exception to § 8–2409 by stating that a Quarterly Court *may* appropriate money to pay Deputies. The Quarterly County Court was not compelled to make an appropriation to pay Deputies and, therefore, the exception in § 8–2409 remained effective in all of those Counties where the County Courts did not choose to appropriate money for Deputies. But, when § 8–2404 was amended by Chapter 186, Acts of 1973, passed May 1, 1973, to change the word "may" to the word "shall", then it would seem that the permissive exception which had previously applied permitting the Quarterly County Courts, if they saw fit, to appropriate money for Deputies, was changed by the word "shall" into a mandatory requirement to appropriate money for Deputies. Thus, apparently, the amendment effectively eliminated the exception in § 8–2409 which said that the County Courts did not have to pay any Deputies out of the general funds of the County.

In summary, we have Section 8–2409 which says County Courts do not have to make appropriations to pay Deputies, but we have a subsequently amended Section 8–2404 which says that Quarterly County Courts shall make appropriations to pay Deputies. And so, the subsequent, or last amendment, it would seem, would be controlling.

But is the County Judge a sufficient representative for service of process in an action in which the Circuit Judge undertakes to order the members of the Quarterly County Court to exercise a legislative function? We do not think he is.

If the money were in the hands of the County Judge it would seem that the Circuit Court might have jurisdiction to order him to disburse it in a proper case where

the County Judge had been served with process. But here, based on service of process on the County Judge alone, he is ordering every one of the Magistrates to come together in a meeting of the County Court and to vote a certain way. And, it seems to us, that this is a matter of such serious import that the members of the Quarterly County Court ought to be made defendants in a suit to test the constitutionality of the statute, as amended, and to seek the issuance of a writ of mandamus to compel the County Court to make the necessary appropriation.

## IV.

From all of the foregoing, we conclude:

■ (1) The Circuit Judge had jurisdiction to hear and pass upon the application of the Sheriff of Hickman County for an increase in the salary of the then existing Deputy Sheriff and the appointment of two additional Deputies and to fix their salaries.

In Section 8–2404 T.C.A., in addition to the language in the first paragraph thereof "as may be allowed said office," we find in the second paragraph reference to the maximum salary fixed by Section 8–2403, and it proceeds:

".  .  . And the authorized expenses fixed by law for the operation of his office, including the salary of all his deputies, which shall be the sole manner of compensation for those deputies *as authorized pursuant to chapter 20 of title 8 of this Code,* direct from the county trustee in twelve (12) equal monthly installments irrespective of the fees earned by the sheriff." [Emphasis supplied]

It is to be noted that Chapter 20 of Title 8 above referred to is entitled *"Appointment of Deputies and Assistants,"* and Section 8–2001 is entitled *"Application for authority to employ deputies."* It provides:

"The Sheriff shall in like manner make application to the Judge of the Circuit Court in his County, for deputies and assistants, showing the necessity therefor, the number required, and the salary to be paid each."

In White v. Davidson County 210 Tenn. 456, 360 S.W.2d 15, in an exhaustive opinion written by Mr. Justice Felts, it is observed that the Statute § 8–2001 to § 8–2011 provides that the Sheriff, when he cannot alone perform all the duties of the office, may apply to the Circuit Court and obtain a judgment or decree fixing the number of his Deputies and the salaries to be paid them. Said opinion, dealing among other things with the constitutionality of several Private Acts, made no question about the power and authority of the Circuit Judge to perform the duties provided for in said Act. Also see Brewer v. Davidson, 223 Tenn. 399, 455 S.W.2d 908 and Hunter v. Conner, 152 Tenn. 258, 277 S. W.2d 71.

■ It results that we overrule the assignments directed at the jurisdiction and authority of the Circuit Judge to make a decree in this case concerning the employment of Deputies and the fixing of their salaries, and affirm the judgment insofar as it assumes jurisdiction to enter a decree with respect to these matters and in finding from a preponderance of the evidence that, by devoting his entire working time to his duties as Sheriff, plaintiff cannot properly and efficiently transact the business of his office.

■ (2) As hereinabove indicated, we are of opinion that, while the County Judge is a necessary and proper party in a proceeding of this kind, nevertheless, where it appears that a mandamus directed to the Quarterly County Court in its legislative capacity may be or is required to obtain the relief sought, the members of that Court should be made parties defendant and brought before the Trial Court prior to the issuance of a mandatory order such as the Circuit Judge entered in the case at bar.

The complaint herein filed is not, in essence, a bill for mandamus but, even if it were, there is no showing that the decree allowing the additional Deputies and fixing their salaries will not be implemented by action of the Quarterly County Court which, so far as the record herein reveals, has not taken any formal action with respect to the matters complained of.

Moreover, it does not appear from the record herein that the fees which the Sheriff and his Deputies may make in the future will not be sufficient to pay the Sheriff's minimum salary and the salaries of his three Deputies as fixed by the Circuit Court, thus making unnecessary an appropriation out of the general funds of the County to carry out the decree of the Circuit Judge.

It would seem to us that the remedy of the Sheriff, in the event the decree of the Circuit Judge becomes final and is not carried out and its implementation refused, would be to file a bill for mandamus.

(3) Under the aspects of this case, as hereinabove outlined, we, therefore, pretermit the question of the constitutionality of the Act in question.

In West v. Carr, 212 Tenn. 367, 370 S. W.2d 469, the Court said:

> The Supreme Court will not pass on the constitutionality of a statute unless it is absolutely necessary for determination of the case and the present rights of the parties for the Court to do so.

Again, in Glasgow v. Fox, 214 Tenn. 656, 383 S.W.2d 9, 13, the Court said:

> "It is the duty of [the Supreme] Court to pass on a constitutional question only when it is absolutely necessary for the determination of the case and of the rights of the parties to the litigation."

It results that the judgment of the Circuit Court is affirmed to the extent hereinabove indicated, but the decree wherein the Quarterly County Court of Hickman County is directed to make the necessary appropriation to pay the Sheriff of its County the maximum salary fixed by Section 8-2403 and the expenses fixed by law for the operation of his office, including the salaries of his Deputies, as set forth in said decree, is reversed and set aside and the cause is remanded for such other and further proceedings as may be necessary and proper in the premises.

Affirmed in part, reversed in part and remanded.

TODD, J., and W. P. PURYEAR, Special Judge, concur.