Dennis R. **LEDBETTER,**
**Plaintiff-Appellee,**

v.

Tony A. **DUNCAN, et al.,**
**Defendants-Appellants.**

Court of Appeals of Tennessee,
Eastern Section.

March 27, 1984.

Application for Permission to Appeal
Denied by Supreme Court
July 2, 1984.

Tyree B. Harris, Nashville, for defendants-appellants.

George H. Buxton, III, Oak Ridge, for plaintiff-appellee.

Richard L. Colbert, Asst. Atty. Gen., Nashville, appearing as to constitutional issue pursuant to Rule 32, Tennessee Rules of Appellate Procedure.

## OPINION

GODDARD, Judge.

Two issues are presented by this appeal. The first is whether T.C.A. 8–24–103(b) when read with other Code Sections touching on the subject grants to the judge of the criminal court the authority to require county commissions to adopt a budget funding the salaries fixed by the court as to deputy sheriffs. A second issue is presented in the event the first issue is answered in the affirmative, and that is whether the statute granting such authority runs afoul of Article II, Section 29 of the Constitution of Tennessee.[1]

---

1. As pertinent in the case at bar this section provides the following:

*Sec. 29. Counties and towns—Power to tax—Credit.*—The General Assembly shall have power

In the present case, the facts for the most part are stipulated. The Sheriff of Morgan County filed suit against the County Executive and the members of the Morgan County Commission pursuant to the provisions of T.C.A. 8–20–101–110, praying that the Court authorize the Sheriff to employ various deputies and other personnel, and to set their salaries. The Judge of the Criminal Court granted the relief requested by the Sheriff, even though it is stipulated that the amounts approved insofar as the employment of deputies was concerned would exceed the amount appropriated by the Morgan County Commission by some $16,500. The Appellants do not contest the Court's authority to fix the number and the salaries of the deputies, but object to the following portion of the decree:

FURTHER, that the County Executive and the Board of Commissioners of Morgan County, Tennessee, all of whom are parties defendant to this action, be and they are hereby directed to adopt an amended budget reflecting the additional salaries allowed by this Order, and are further directed to make sufficient funds available for the purpose of funding the Sheriff's budget as ordered amended herein.

As to the first issue, the Appellants contend that upon considering the various legislative enactments, it was not the legislative intent that courts have jurisdiction to require the county commissions to fund and pay deputies' salaries.

The first legislative Act germane to this question is what has been known as the "Anti-Fee Act," Chapter 101 of the Public Acts of 1921. This Act, as pertinent, provided the salary for the sheriffs of the various counties and provided that any fees in excess of the salary became the property of the county. It further provided that if the fees were not sufficient to pay the salary fixed by statute that he would "not receive the salary as herein provided, but shall be entitled to the fees collected in said office."

Because the sheriff would have no funds available to pay deputies or other personnel, the Act also provided for the sheriff to make application to the judge of the circuit or criminal court, as the case may be, for a determination of the number of deputies to be employed and of the salaries they were to be paid. The Act also provided that the county judge or chairman of the county court, later amended to say "county executive," should be made party defendant. The payment of deputies' salaries was provided in the Act to come from the "fees, commissions or emoluments collected by [the sheriff] by virtue of his office." The Act specifically provided that if the monies collected were insufficient to pay the maximum salary of the sheriff and the salaries of the deputies that the sheriff should not receive the maximum salary provided, but only be entitled to the fees collected.

The Appellants earnestly insist, and we agree, that after the passage of Chapter 101 of the Public Acts of 1921, and even if the amendments to the sections in the original Act be considered, the courts were not clothed by the Legislature with authority to order the governing body of the county to make appropriations. Such an interpretation was placed on the legislative language by the Supreme Court in *Hunter v. Conner*, 152 Tenn. 258, 277 S.W. 71 (1925), wherein the Court noted that any salary paid to a deputy had to be paid from the proceeds of fees collected by the sheriff.

Were these the only code sections addressing the subject, the result would be obvious. However, the Legislature by Chapter 263 of the Public Acts of 1951 designated the salaries set out in the 1921 Act, as amended, as a maximum salary, but then provided that the sheriff and other officials should be guaranteed a minimum salary and provided that if the fees of the office were insufficient to meet the minimum salary, "the remainder of such minimum salary shall be paid out of the general funds of the county." In *Brewer v. Davidson*, 223 Tenn. 399, 445 S.W.2d 908 (1969),

to authorize the several counties and incorporated towns in this State, to impose taxes for Coun-

ty and Corporation purposes respectively, in such manner as shall be prescribed by law.

the Court concluded that regardless of a need of a Register of Deeds to hire an assistant, he could not do so out of the fees of his office and be guaranteed his minimum salary unless the fees of his office were sufficient to pay the minimum salary, as well as the salary of the assistant.

*Brewer,* of course, was not a suit by the sheriff, and the court therefore had no reason to address Chapter 169 of the Public Acts of 1961, which added to T.C.A. 8–24–103 (formerly 8–2404) the following section relating to sheriffs and their deputies:

"Provided further that the Quarterly County Court in any county of this State may make the necessary appropriation and pay to the Sheriff of its county the maximum salary fixed by Section 8–2403, Tennessee Code Annotated, and the authorized expenses fixed by law for the operation of his office, including the salary of all his deputies, which shall be the sole manner of compensation for those deputies, as authorized pursuant to Chapter 20, Title 8, Tennessee Code Annotated, direct from the County Trustee in twelve equal monthly installments irrespective of the fees earned by the Sheriff."

The next pertinent amendment to the foregoing was by Chapter 186 of the Public Acts of 1973, which removed the discretion accorded the county governing body by changing the word "may" in the first sentence to "shall."

■■■ With all deference to the earnest argument of counsel for the Appellants, we are persuaded that the last amendment above mentioned evidenced a legislative intent that the salaries fixed for deputy sheriffs be funded in their entirety by the county and not, as counsel argues, only to the extent that funds have been appropriated by the County Commission for the operation of that particular office. It is true that the language regarding funding is in a different chapter from that which grants authority for fixing the number and salaries of deputies, but we presume that the Legislature was cognizant of other statutes germane to the subject even though they be in different chapters in the Code. We think this presumption particularly appropriate where the statute amended makes specific reference to the other chapter.

■■■ Having concluded this, we are nonetheless persuaded that in light of T.C.A. 8–20–102 regarding the proper party defendant in this type case, that the criminal judge does not have authority in a suit brought under that section to order the county commissioners to make and fund the appropriations as mandated by T.C.A. 8–24–103(b). To do so would presume that the county commissioners will not perform their duty when the presumption as to public officials is just the opposite. *City of Knoxville v. State,* 207 Tenn. 558, 341 S.W.2d 718 (1960); *O'Neil v. Jones, et al.,* 185 Tenn. 539, 206 S.W.2d 782 (1947). In the case at bar the presumption of compliance is strengthened when we remember that the County has $400,000 available in unappropriated and unbudgeted funds.

It accordingly follows that the order of the Trial Court should be modified to delete that portion directing the County Commissioners to adopt an amended budget and to make sufficient funds available for the funding thereof.

In conclusion, we observe that if the County Commission fails to follow the mandates of the Statute the remedy of mandamus remains available, and, if invoked, the Commission, should it again desire to question the constitutionality of the Statute—which as to the present appeal we pretermit—can notify the Attorney General to remove any question as to whether the issue has been properly raised below.

For the foregoing reasons the judgment of the Trial Court is modified as hereinbefore set out and, as modified, affirmed. The costs of appeal are adjudged against the Appellee.

PARROTT, P.J., and CONNER, J., concur.