STATE of Tennessee, ex rel., Dennis R. LEDBETTER, in His Official Capacity as Sheriff of Morgan County, Tennessee, Plaintiff-Appellee,

v.

Tony A. DUNCAN, County Executive For Morgan County, Tennessee, et al., Defendants-Appellants.

Supreme Court of Tennessee, at Knoxville.

Dec. 16, 1985.

George H. Buxton, III, Oak Ridge, for plaintiff-appellee.

Christine Modisher, Asst. Atty. Gen., Nashville, for State of Tenn. intervenor; W.J. Michael Cody, Atty. Gen., Nashville, of counsel.

Tyree B. Harris, Nashville, for defendants-appellants.

## OPINION

BROCK, Justice.

This is an appeal from the Chancery Court's issuance of a writ of mandamus compelling the defendants to adopt an amended budget funding salary increases

for the deputies sheriff of Morgan County and an additional deputy position, as previously set by the Criminal Court pursuant to the provisions of T.C.A., § 8–20–101, 102. The issues raised are (1) whether T.C.A., § 8–24–103(b), renders it mandatory upon a county legislative body to appropriate sufficient money to pay the salaries of deputies as fixed by the county criminal court pursuant to a petition by the sheriff of the county, and (2) if so, whether a chancery court's enforcement of that duty by writ of mandamus violates Tennessee Constitution, Art. II, § 29, which prohibits the delegation of the taxing authority by the legislature. For the reasons hereinafter stated, we affirm the action of the Chancery Court.

Relator Ledbetter, Sheriff of Morgan County, applied to the Criminal Court of Morgan County seeking approval of the appointment of an additional deputy and an increase in the salaries of his deputies. The County Executive and the members of the Morgan County Commission were made parties defendant. The court, after a hearing, granted Ledbetter's request, and also ordered the defendants to adopt an amended budget allocating a sufficient sum to fund the Sheriff's budget as provided by the court.

The defendants appealed to the Court of Appeals. *See Ledbetter v. Duncan,* Tenn. App., 676 S.W.2d 91 (1984). They did not contest the court's order insofar as it granted the Sheriff's request for an additional deputy and an increase in the salaries of his deputies, but argued that the criminal court did not have the authority under T.C.A., § 8–24–103(b), to order them to appropriate a sufficient sum of money to fund the additional deputy position and the increased salaries. They also argued that in any event the exercise of such authority violated Tennessee Constitution, Art. II, § 29, because it constituted the exercise of taxing authority by the judiciary.

The Court of Appeals upheld the action of the criminal court in granting the Sheriff's request for the appointment of an additional deputy and an increase in the salaries of his deputies. It first held that the legislative intent behind the current T.C.A., § 8–24–103(b), was that the salaries of deputies as set by the circuit or criminal court be funded in their entirety by the county. *Id.* at 93. It then held, however, that the criminal court did not have the authority to order the County Commissioners to make and fund the appropriations required by § 8–24–103(b). It suggested that the appropriate means by which to compel the County Commission to perform its duty, if it failed to voluntarily do so, was through the remedy of mandamus. *Id.*

When the County Commissioners failed to make the appropriations in question, relator Ledbetter filed an application for a writ of mandamus in the chancery court. That court issued the requested writ.

The State has filed a brief in support of the constitutionality of T.C.A., § 8–24–103(b), as allowed by T.R.A.P. 32(c).

As indicated, the first issue for consideration is whether T.C.A., § 8–24–103(b), requires the County Commission to fund the positions and the salaries as ordered by the criminal court.

T.C.A., § 8–24–103(b), in pertinent part, currently provides as follows:

"(b) The county legislative body in any county of this state *shall* make the necessary appropriation and pay to the sheriff of its county the maximum salary fixed by § 8–24–102, and the authorized expenses fixed by law for the operation of his office, including the salary of all his deputies, which shall be the sole manner of compensation for those deputies, as authorized pursuant to chapter 20 of this title, direct from the county trustee in twelve (12) equal monthly instalments irrespective of the fees earned by the sheriff." (Emphasis added.)

Prior to an amendment to the subsection, 1973 Tenn.Pub.Acts 186, the first sentence contained the word "may" instead of the word "shall."

■ Defendants argue that § 8–24–103(b) does not require a county legislative body to appropriate funds to pay the full

amount of the salaries of deputies as set by the criminal court. It has been held by the Court of Appeals, in the prior litigation between the present parties, that the passage of the 1973 amendment to § 8–24–103(b) did in fact have the effect of rendering it mandatory on the part of the county legislative body to fund the court-approved salaries of deputies. *Ledbetter v. Duncan, supra,* 676 S.W.2d at 93. While defendant argues that the holding was dictum, dictum or not, we are compelled to agree with that construction of § 8–24–103(b) in light of the history of the subsection, particularly the 1973 amendment, and its plain language. We hold that the provision requires the county legislative body to fully fund the salaries of all deputies as set by the circuit or criminal court pursuant to T.C.A. Chapter 20 of Title 8. *See, also, Sapp v. State ex rel. Nipper,* Tenn., 524 S.W.2d 652 (1975); *Atkinson v. McClanahan,* Tenn. App., 520 S.W.2d 348 (1975); 18 *Tennessee Jurisprudence* 217, 223.

Defendants next argue that T.C.A., § 8–24–103(b), if construed to allow the chancery court to compel the county legislative body to fund the salaries set by the circuit or criminal court, violates Art. II, § 29 of the Tennessee Constitution.

▪ It is well settled that a writ of mandamus may properly be issued to compel a public official to perform a non-discretionary duty. *See State, ex rel. SCA Chem., Etc. v. Konigsberg,* Tenn., 636 S.W.2d 430, 434 (1982). Having found that T.C.A., § 8–24–103(b), requires the county commission to fund the salaries of deputies as set by the criminal court, it follows that that duty may be properly enforced through the issuance of a writ of mandamus unless, of course, such action is unconstitutional, as is here alleged.

▪ Art. II, § 29 of the Tennessee Constitution provides, in pertinent part, as follows:

"The General Assembly shall have power to authorize the several counties and incorporated towns in this State, to impose taxes for County and Corporation pur-

poses respectively, in such manner as shall be prescribed by law; ...."

That provision prohibits the delegation by the legislature of the power to tax except as specifically provided. *See, e.g., Gibson County Special School Dist. v. Palmer,* Tenn., 691 S.W.2d 544, 549 (1985). Thus, it is without question that the legislature may not constitutionally delegate to the courts the power to tax. It is defendant's theory that the issuance of a writ of mandamus to the defendants ordering them to appropriate money to pay the salaries of the sheriff's deputies constitutes an order compelling them to raise taxes, an order which amounts to an invalid exercise of the power to tax by the judiciary.

▪ The state may properly require a county to appropriate funds for a state purpose, or a purpose common to the state and the county, without violating Art. II, § 29. *See, e.g., Metro. Dev. & Hous. Agcy. v. Leech,* Tenn., 591 S.W.2d 427, 429 (1979). The scheme set up for the appointment of deputies and the payment of appropriate salaries is obviously designed for the protection of the residents of the county, a purpose which is undoubtedly of legitimate concern to both the state and the county. Thus the legislature did not violate Art. II, § 29, by requiring, through the enactment of T.C.A., § 8–24–103(b), the county legislative body to appropriate money to pay the duly authorized salaries of deputies sheriff. The Chancellor's issuance of the writ of mandamus was simply the enforcement of that directive to the counties, not the unconstitutional exercise of the power to tax.

In his order the Chancellor did not order the defendants to raise taxes to pay the deputies' salaries. He left the method of raising the funds to the discretion of the defendants. While the county may obtain the money by raising taxes, alternative means are available by which it could obtain the funds. For example, defendants may decrease appropriations in other areas, use unbudgeted funds, if any, which are on hand, or borrow money, within their discretion.

There has been some discussion by the parties with regard to the fact that the county had on hand in September, 1982, unbudgeted surplus funds in an amount sufficient to pay the salaries of the deputies as approved by the criminal court. The use of unbudgeted surplus funds is but one alternative available to the County Commission to pay the approved salaries for the deputies. The County Commission might wish to keep a surplus in order to meet unanticipated expenses which might arise and thus might choose to raise taxes to pay the salaries. In addition, the existence of a surplus in one year does not guarantee the existence of a surplus in future years in which the salaries must also be paid. Accordingly, we have placed no significance on the existence of unbudgeted surplus funds in the county treasury.

The Chancellor's issuance of the writ of mandamus is affirmed. Costs on appeal are assessed against the defendants-appellants.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.