IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 17, 2009 Session

TIM BURRUS, ET AL. v. JIMMY WISEMAN, ET AL.

Direct Appeal from the Chancery Court for Benton County
No. 1698     Donald P. Harris, Judge

No. W2008-01707-COA-R3-CV - Filed March 26, 2009

This is a lawsuit filed by eight county officials to resolve a budget dispute. The officials filed an application in Chancery Court seeking judicial authorization to hire additional staff and to increase the salaries and benefits paid to a separate group of county employees. One day after the petition was filed, the officials, along with the defendant County Mayor, entered a consent order approving each petitioner's requests. One month later, the County Commission attempted to intervene and have the order set aside. The trial court denied the County Commission's motions, and the County Commission appeals. We affirm the trial court's denial of the motion to intervene. However, several procedural and substantive defects require this Court to vacate the Consent Order and remand this matter to the trial court.

Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Vacated in Part and Remanded

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Brandon O. Gibson, Jackson, TN, for Appellant Benton County

Laura A. Keeton, Huntington, TN, for Appellees, Benton County Clerk and Master; Benton County Assessor of Property; Benton County Circuit Court Clerk; Benton County Register; Benton County Trustee; and Benton County Clerk

OPINION

Background

        This appeal arises from the efforts of several Benton County officials to hire additional deputies or assistants through a petition filed pursuant to Tenn. Code Ann. § 8-20-101. The Petition was filed on September 18, 2007 in Benton County Chancery Court by eight separate

county officials (collectively, "Petitioners"): Tim Burrus, Clerk and Master for Benton County; Sherry Beasley, Trustee for Benton County; Linda Armstrong, Assessor of Property; Diane Latimer, Administrator of Elections; Ron Darby, General Sessions and Juvenile Court Judge; Debbie Hargis, Register of Deeds; Terry Hudson, Clerk for the Circuit, General Sessions, and Juvenile Courts; and Wanda Malin, County Clerk. As required by Tenn. Code Ann. § 8-20-102, the Petition named the County Mayor, Jimmy Wiseman, as the Defendant. Petitioners requested the authority to hire additional deputies and asked the court to set the salary of each new deputy. Petitioner also asked the court to alter the salaries and benefits of a broad group of County employees (defined in the Petition as "all employees subject to the Courthouse Policy and Procedures Handbook) as follows:

> 4. That all employees of the office be afforded the same health insurance coverage as the school employees through the State of Tennessee Insurance Pool.
> 5. That all employees receive at least the following minimum salaries based on years worked with the county regardless of which office: Starting salary $20,000; after first year $21,000, after second year $22,000, after five years $24,000
> 6. That all employees who have worked for Benton County in any capacity for five (5) years or more shall receive on their employment anniversary longevity pay in the form of $100.00 for each year of service.
> 7. That said pay scale be retroactive to any person not now making at least the minimum proscribed salary for the length of time employed.
> 8. That all employees receive a yearly cost of living raise equal to the cost of living increase designated for state employees.

Neither the Petition nor the Final Order state the number of employees subject to the Handbook or in which offices they work.

On September 19, 2007, the day after the Petition was filed, a Consent Order was entered approving all of the Petitioners' requests. The County Mayor, as the named defendant, did not file an Answer to the Petition, and the trial court did not conduct a hearing on the Petition. The trial court did not make a finding that the Petitioners were unable to discharge the duties of their respective offices. Likewise, the trial court did not find that the Petitioners had shown the necessity for assistants and the salary each should be paid.

On October 18, 2007, the Benton County Commission ("the Commission"), acting in the name of Benton County, filed a motion to intervene under both Tenn. R. Civ. P. 24.01 and 24.02. At the same time, the Commission filed a motion to set aside, or in the alternative, alter or amend the Consent Order. On April 11, 2008, the trial court denied the Commission's motion to intervene, because Tenn. Code Ann. § 8-20-102 names the County Mayor as the sole defendant to an official's salary petition. The trial court concluded that this statute gives the County Mayor the discretion to sign a consent order approving the requested relief. The trial court, however, questioned *sua sponte* its authority to grant relief under Tenn. Code Ann. § 8-20-101 to Diane Latimer, the Administrator of Elections and Ron Darby, the General Sessions and Juvenile Court Judge. As a result, Petitioners

Latimer and Darby took a voluntary non-suit on September 15, 2008 and are not parties to this appeal.

The Commission appeals and raises two issues for review:

1) Whether the Chancery Court erred in failing to allow Benton County, Tennessee to intervene in this action.
2) Whether the Chancery Court erred in refusing to set aside a Consent Order between Appellees/Petitioners and the County Mayor in an action under Tenn. Code Ann. § 8-20-101.

Law and Analysis

A. Intervention

Budgetary decisions are generally left to the legislative branch of government. Some county officials, however, have two statutory alternatives to the typical budgeting process: a court order or a letter of agreement. Tenn. Code Ann. § 8-20-101. This statute describes the procedure through which these officials can "obtain a judgment or decree fixing the number of [the official's] deputies and the salaries to be paid them." *Atkinson v. McClanahan*, 520 S.W.2d 348, 352 (Tenn. Ct. App. 1974). In the present case, Petitioners opted to seek relief through a court order pursuant to Tenn. Code Ann. § 8-20-101(a), which provides:

> Where any one (1) of the clerks and masters of the chancery courts, the county clerks and the clerks of the probate, criminal, circuit and special courts, county trustees, registers of deeds, and sheriffs cannot properly and efficiently conduct the affairs and transact the business of such person's office by devoting such person's entire working time thereto, such person may employ such deputies and assistants as may be actually necessary to the proper conducting of such person's office....

Tenn. Code Ann. § 8-20-101(a). Here, the typical procedure was complicated by the fact that several county officials sought relief together in the same Petition.

When hearing a salary petition brought under § Tenn. Code Ann. § 8-20-101, the trial court is authorized to enter an order fixing the number and salaries of the county official's employees. In this proceeding, the court cannot enter an order compelling the county's legislative body to appropriate the funds necessary to hire the new employees. *Jones v. Mankin*, No. 88-263-II, 1989 WL 44924, at *3 (Tenn. Ct. App. May 5, 1989); *Ledbetter v. Duncan*, 676 S.W.2d 91, 93 (Tenn. Ct. App. 1984). If the legislative body subsequently refuses to appropriate the necessary funds, the official may seek a writ of mandamus compelling it to do so. *Moore v. Cates*, 832 S.W.2d 570, 572 (Tenn. Ct. App. 1992); *State ex rel. Ledbetter v. Duncan*, 702 S.W.2d 163, 165 (Tenn. 1985). When the official seeks an order compelling legislative action, "the members of [the legislative body] should be made parties defendant and brought before the Trial Court prior to the issuance of a mandatory order." *Atkinson*, 520 S.W.2d at 352.

The statute also describes a specific procedure for both the trial court and the parties to follow when a salary petition is filed:

> Each of the above named officers shall name in the petition the county executive as the party defendant thereto. A copy of the petition shall be served on the county executive, who shall file an answer to the petition within five (5) days from the date of service of the petition, either admitting the allegations of the petition or denying same, or making such answer as the county executive deems advisable under the circumstances. Whereupon, the court shall promptly in term or at chambers have such a hearing on the application, on the petition and answer thereto, as will develop the facts, and the court may hear proof either for or against the petition. The court may allow or disallow the application, either in whole or in part, and may allow the whole number of deputies or assistants applied for or a less number, and may allow the salaries set out in the application or smaller salaries, all as the facts justify.

Tenn. Code Ann. § 8-20-102. Under typical circumstances, this statute envisions "an adversary proceeding between [the county official] and the county executive." *Shelby Co. Deputy Sheriff's Ass'n v. Gilless*, 972 S.W.2d 683, 685 (Tenn. Ct. App. 1997). The circumstances in the present case, however, were far from typical. The Consent Order was entered only a day after the petition was filed, and the County Mayor did not object to the requests made or demand proof of their necessity. The Commission felt that the proceeding was not adversarial and argued that the County Mayor exceeded his authority by signing the Consent Order. Accordingly, the Commission filed a motion to intervene and a motion to set aside the order.

The Tennessee Rules of Civil Procedure provide two methods of intervention: intervention as of right under Rule 24.01 and permissive intervention under Rule 24.02. The trial court denied the Commission's motion on both grounds. On appeal, the standard of review for a denial of intervention as of right is *de novo*. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000). The denial of permissive intervention is reviewed only for abuse of discretion. *Id*.

Tenn. R. Civ. P. 24.01 provides for intervention as of right under the following circumstances:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties.

The Commission does not have explicit statutory authority to intervene under subsection (1) of Rule 24.01, and the parties have not stipulated to the intervention under subsection (3). The Commission

therefore relies on subsection (2), asserting that its interest in the County's budget has been impaired by Petitioners and the County Mayor. To prevail under this theory, the party seeking to intervene "must establish that (1) the application for intervention was timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the pending litigation; (3) the proposed intervenor's ability to protect that interest is impaired; and (4) the parties to the underlying suit cannot adequately represent the intervenor's interest." **Brown & Williamson**, 18 S.W.3d at 190-91. On appeal, Petitioners have not challenged the trial court's implicit finding that the Commission's motion to intervene was timely. Accordingly, we will move directly to the Commission's substantive argument.

The Commission maintains that it has a substantial legal interest in this action because it will ultimately be forced to allocate the funds set in the Consent Order. As the county's legislative body, the Commission contends that it holds the exclusive authority to appropriate county funds for the payment of salaries to county officials and employees. The trial court's order, however, does not–and could not–compel the Commission to appropriate funds for the county officials in this proceeding. *See* **Ledbetter**, 676 S.W.2d at 93. The Commission then does not have a direct interest in this action; its interest arises once the county officials seek an order compelling legislative action, at which point the Commission should be made a party. **Atkinson**, 520 S.W.2d at 352. As a practical matter, however, the Commission argues that the Consent Order will compromise its ability to make budgetary decisions in the future.

The Commission concedes that the statute clearly identifies the County Mayor as the defendant in actions brought under Tenn. Code Ann. § 8-20-101. However, the Commission argues that the executive is merely a nominal defendant whose role is to represent the County's interest. By agreeing to the Consent Order without consulting the Commission, the County Mayor failed to represent the County adequately. To support this argument, the Commission points to Tenn. Code Ann. § 5-6-112, which grants the county mayor the power to employ a county attorney "to represent the county either as plaintiff or defendant in such suits as may be brought by or against the county[.]" This statute, however, does not give the county's legislative body the authority to interfere with the mayor's representation. Here, the Commission is objecting to the quality of the mayor's performance as the county's representative. The quality of the mayor's performance, however, is not the issue; Tenn. Code Ann. § 8-20-102 unambiguously requires the county mayor to be named as the defendant. In the absence of clear statutory direction, we are without authority to subject the county mayor's authority as the party defendant in a county official's salary action to legislative oversight.

The Commission's position is weakened by the fact that county officials often file petitions for funding under Tenn. Code Ann. § 8-20-101 after a request for funding was denied by the legislative body (here, the Commission). *See* **Bane v. Nesbitt**, No. M2006-00069-COA-R3-CV, 2006 WL 3694444, at *7 (Tenn. Ct. App. Dec. 14, 2006) ("A sheriff whose request for personnel-related funding is denied by his or her local legislative body may file an application for review of the funding request with the judge of the circuit court in the sheriff's county...."). If we allowed the Commission to intervene, a hearing on a Tenn. Code Ann. § 8-20-101 petition would

become yet another legislative budget dispute–only now with judicial involvement. The statute does not contemplate such an unwieldy proceeding.

The trial court also denied the Commission's motion to intervene under Rule 24.02. Rule 24.02 allows for permissive intervention under two circumstances: "(1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Tenn. R. Civ. P. 24.02. Permissive intervention is inappropriate if it will prejudice the rights of the original parties. *Id*. Under Tenn. Code Ann. § 8-20-101, county officials are explicitly given the right to petition the court for additional deputies without legislative involvement. The statute allows county officials this judicial option, in part, because they, like the Commissioners and County Mayor, are popularly elected. *Jones*, 1989 WL 44924, at *2. Accordingly, Petitioners' rights under Tenn. Code Ann. § 8-20-101 could be prejudiced if the legislative body were permitted to intervene. Therefore, we find that the trial court did not abuse its discretion by denying the Commission's motion to intervene under Rule 24.02.

B. Jurisdiction and Validity of the Consent Order

Petitioners assert, if the Commission cannot intervene, that this Court's inquiry must end as none of the remaining parties have sought appellate relief. We disagree. Although the Commission is not entitled to intervene, we will consider several blatant defects–both procedural and substantive–in the proceeding below. The Petition was initially filed by eight separate county officials. Several months after the Consent Order was entered, the trial court properly questioned the authority of Ron Darby, General Sessions and Juvenile Court Judge, and Diane Latimer, Administrator of Elections, to petition for funds under Tenn. Code Ann. § 8-20-101. If Petitioners could not properly file in Chancery Court, then the trial court lacked subject matter jurisdiction. Under Tenn. R. App. P. 13(b), this Court must consider whether the trial court has jurisdiction over the subject matter. Furthermore, this Court may, in our discretion, consider other issues not raised by the parties for the following reasons: "(1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process." Tenn. R. App. P. 13(b).

Among the six remaining Petitioners, five (the Clerk and Master, County Clerk, Register of Deeds, Trustee and Circuit Court Clerk) properly filed in Chancery Court pursuant to Tenn. Code Ann. § 8-20-101(3). Petitioner Armstrong, as Assessor of Property, however, is not permitted to seek relief because Tenn. Code Ann. § 8-20-101 does not list assessors of property as eligible petitioners. An assessor of property may employ a deputy or assistant only if authorized by the county legislative body or by Tenn. Code Ann. § 67-1-506. This statute sets a minimum number of deputies for the assessor and describes the method through which the assessor may employ additional deputies. Tenn. Code Ann. § 67-1-506. Accordingly, Petitioner Armstrong improperly filed under Tenn. Code Ann. § 8-20-101, and the trial court did not have jurisdiction to grant the requested relief. The Consent Order, insofar as it relates to Petitioner Armstrong, is therefore vacated.

With respect to the other five Petitioners, we also find that the trial court erred when it granted their requested relief. Under the statute, a petitioner may request additional deputies or assistants and the salary each should be paid. Tenn. Code Ann. § 8-20-101. Here, Petitioners asked the trial court to set salaries and benefits (in the form of longevity pay, annual cost of living raises, and health insurance) for all county employees "regardless of which office."[1] Neither the Petition nor the Consent Order explain, in any way, the relationship between this group of employees and Petitioners. The statute's coverage is not so broad. The trial court lacks authority to set the salaries of an unspecified (and potentially large) number of employees. Accordingly, the portions of the Consent Order addressing "all employees" is vacated.

Finally, we find the remaining portions of the consent order invalid because of additional procedural defects. Officials petitioning under Tenn. Code Ann. § 8-20-101 must meet their burden before relief can be granted. Tenn. Code Ann. § 8-20-101(a)(3). Furthermore, Tenn. Code Ann. § 8-20-103(a) provides that "[n]o deputy or deputies or assistants shall be allowed to any office, unless the actual officer is unable to personally discharge the duties of the office by devoting such officer's entire working time thereto...." *Id*. In *Boarman v. Jaynes*, 109 S.W.3d 286 (Tenn. 2003), the Court interpreted the statutory burden as follows:

> The office holder must demonstrate: (1) an inability to discharge the duties of a particular office by devoting his or her entire working time thereto; and, (2) the office holder must petition the court and show the necessity for assistants, the number of assistants required, and the salary each should be paid.

*Id*. at 291 (citations omitted). Only after the petitioner establishes necessity is the trial court "empowered to determine the number of assistants needed and their salaries." *Id*. Here, the trial court did not make any findings as to whether Petitioners met this burden. Furthermore, neither the Petition nor the Consent Order set forth any facts showing the necessity of the requested deputies and assistants.

Following *Boarman*, we find that the trial court erred when approving the Petitioners' requests without first making a determination on necessity. We reach this conclusion, in part, because of the parties' deviation from the procedure set forth in Tenn. Code Ann. § 8-20-102. As the named defendant, the County Mayor failed to file an answer to the Petition as required by the statute. Because an Answer was not filed, it could not be included in the court's permanent records as required by Tenn. Code Ann. § 8-20-104. Additionally, the trial court did not conduct the statutorily required hearing on the petition to develop the facts. Tenn. Code Ann. § 8-20-102. In *Johnican v. Williams*, No. 02A01-9110-CR-00221, 1992 WL 94715 (Tenn. Ct. App. May 8, 1992), we held the language of Tenn. Code Ann. § 8-20-102 "requires the court before whom the petition

---

[1]The language of the Consent Order is both broad and ambiguous. It is unclear whether this portion of the Order covers "all county employees" or just those "employees subject to the Courthouse Policy and Procedures Handbook." Under either meaning, the trial court was not authorized to set the salaries of such an amorphous group of employees.

is brought to conduct a full evidentiary hearing on the matter." *Johnican*, 1992 WL 94715, at \*2. These procedures help the trial court reach an informed and reasoned decision; they cannot be ignored simply to facilitate a hasty–and privately determined–agreement between Petitioners and the County Mayor. Because these statutory requirements were not followed, we find that the trial court erred when it signed the parties' Consent Order.

For these reasons, the Consent Order entered into by the County Mayor and Petitioners is vacated in its entirety. This matter is therefore remanded to the Benton County Chancery Court. Costs on appeal are taxed one-half to the Appellant, Benton County Commission, and one-half to the six Appellees/Petitioners, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, J.