IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

SHELBY COUNTY DEPUTY SHERIFF'S
ASSOCIATION, ET AL,

      Petitioners-Appellants,

Vs.

A. C. GILLESS, JR., SHERIFF, of Shelby
County, Tennessee,

      Defendant-Appellee,

and

JULIAN T. BOLTON, CHAIRMAN
OF BOARD OF COMMISSIONERS
OF SHELBY COUNTY, TENNESSEE;
and JIM ROUT, MAYOR OF SHELBY
COUNTY, TENNESSEE,

      Defendants-Appellees.

FILED

October 29, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

Shelby Criminal No. P17139
C.A. No. 02A01-9703-CR-00065

_____

FROM THE CRMINAL COURT OF SHELBY COUNTY
THE HONORABLE CHRIS CRAFT, JUDGE

Alan Bryant Chambers; Chambers, Crow, Durham
& Holton, of Memphis, for Appellants

Charlie Ashford of Memphis
For Appellee, Gilless

Danny A. Presley, Executive Assistant County Attorney
Jennifer A. Beene, Senior Assistant County Attorney
For Appellees, Bolton and Rout

*AFFIRMED*

Opinion filed:

**W. FRANK CRAWFORD,
P.J., W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**

      This appeal involves a Sheriff's petition seeking salary increases for deputies filed

pursuant to T.C.A. § 8-20-101 *et seq.* The Shelby County Deputy Sheriff's Association and

individual named deputies appeal the order of the trial court denying their petition to intervene.

The Sheriff of Shelby County filed a salary petition in criminal court on July 3, 1996 seeking a 4% pay raise for all deputies and assistants, to be effective retroactively to July 1, 1996. Shelby County, in the named defendants' answer, objected to the effective date of the increase on the ground that the Shelby County Board of Commissioners' Resolution approving the 1996-97 Salary Policy required that pay increases for all county employees not on the executive pay tables be effective on October 1. The Sheriff withdrew his request with respect to the July 1 effective date and the petition was amended by interlineation to make the raise effective October 1. The Court entered the Order Fixing Compensation of Employees and Assistants on July 10, 1996, with pay raises effective October 1, 1996. Later, on July 10, the appellants, The Shelby County Deputy Sheriff's Association and individual named deputies, filed a Petition to Intervene and Reconsider the Order. The intervenors alleged that (1) the Order did not represent the true decision of the Sheriff; (2) in the alternative, it was an abuse of the Sheriff's discretion to change his mind regarding the effective date of the proposed raise; (3) The three month delay of the salary increase deprived the deputy sheriffs of their property rights under the Tennessee and U.S. Constitutions, and; (4) it was discrimination to delay the general salary increase to the deputy sheriff's for three months. Shelby County filed a Motion to Deny Petitioners' Petition to Intervene asserting that the petitioners lacked standing to do so. After a hearing, the court denied the petition to intervene, stating in its order:

FROM ALL OF WHICH THE COURT FINDS that the request for salary adjustment was brought under T.C.A. 8-20-101, which vests standing to apply for salary solely in the sheriff ("the sheriff may in like manner make application to the judge"), and T.C.A. 8-20-102 names the county executive as the sole defendant ("[e]ach of the above named officers shall name in the petition the county executive as the party defendant thereto.") The legislature has made clear that its intention was to restrict this type of salary petition to only those two parties, and not to allow each petition to become a public forum and discussion of such issues as the amount of law enforcement personnel needed, and the amount of salaries paid. Therefore, this Court feels that once an agreement is reached on salary and personnel increases between the sheriff and the county executive, testimony is taken showing a need for such increases, and a consent

2

order is entered, approved by this Court after a hearing, that any other party aggrieved by such agreement has no statutory authority to intervene, seeking to set that order aside.

The Shelby County Sheriff's Association and the individually named deputies appeal the order of the trial court denying the petition to intervene. The would-be intervenors assert that even if there is no statutory basis for them to intervene, there is nonstatutory authority which provides standing.

When there is no basis for intervention as of right, the decision to allow intervention is a matter within the discretion of the trial court. This decision should not be reversed by an appellate court absent a showing of abuse of discretion. *See* Tenn. R. App. P. 24.02; ***Ballard v. Herzke***, 924 S.W.2d 652, 658 (Tenn. 1996).

The county Sheriff has two options through which he may obtain authority to employ and compensate personnel to assist him to "properly and efficiently conduct the affairs and transact the business" of his office. T.C.A. § 8-20-101(a) (Supp. 1996). The Sheriff may either file a salary petition, which is an adversary proceeding between himself and the county executive; or, if the county executive and the Sheriff agree on the number of deputies and assistants to be employed and the salary to be paid to them, a letter of agreement may be prepared and submitted to the court for approval. T.C.A. § 8-20-101(a)(2) & (c) (Supp. 1996). In the instant case, the Sheriff chose to file a petition in the criminal court.

The intervenors-appellants concede that the statutory scheme does not provide for the involvement of deputy sheriffs in this process. However, the Sheriff's Association and the individual deputies assert that they "have standing based on their interest in the outcome, their close connection and participation in the fee petition process, and their interest in preserving the integrity of the fee petition process."

Under the Tennessee Rules of Civil Procedure, there are two ways by which a person may intervene in an action. Rule 24.01 provides for intervention as of right, such as when a statute confers an unconditional right to intervene; while Rule 24.02 provides for permissive intervention in certain situations. In the absence of express statutory authority, determining whether a party is entitled to judicial relief "requires the court to decide whether the party has

3

a sufficiently personal stake in the outcome of the controversy to warrant the exercise of the court's power on its behalf." *Metropolitan Air Research Testing Auth. (MARTA) v. The Metropolitan Gov't of Nashville*, 842 S.W.2d 611, 615 (Tenn. App. 1992). Although sheriff's deputies arguably have a stake in the outcome of a Salary Petition, this Court has held that "[t]o establish standing, a party must demonstrate (1) that it sustained a distinct and palpable injury, (2) that the injury was caused by the challenged conduct, and (3) that the injury is apt to be redressed by a remedy that the court is prepared to give." *Id*. (citations omitted). In *MARTA*, a losing bidder challenged the award of a vehicle inspection maintenance contract to another entity. This Court held that an unsuccessful bidder whose "bid was responsive and within the zone of active consideration" has standing to challenge a city's compliance with competitive bidding requirements. *Id*. At 617. Even though MARTA was not the next lowest bidder, and thus could not show that it was directly injured, this Court allowed MARTA standing to challenge bidding practices that were not in accordance with the law. Normally, since MARTA's bid was not responsive to the specifications included in the invitation to bid, standing to challenge the award of the contract would have been denied. However, since none of the bids received were responsive, this Court held that standing was proper because the fact that the contract would have to be rebid gave MARTA another opportunity to compete and thus a personal and distinct interest in the outcome of the suit. The appellants cite *MARTA* and analogize the positions of the Sheriff's Association and the individual deputies to those of losing bidders. They assert that they are uniquely situated to challenge the salary petition "process that was not in compliance with the law."

The appellants reliance on *MARTA* is misplaced for two reasons. MARTA involved the alleged violation of competitive bidding requirements in the city's Charter and ordinances as well as an alleged violation of the Sunshine Law, T.C.A. § 8-44-101 *et seq*. (1993), which requires open government meetings. In the case before us, the Sheriff's Association and the individual deputies have not alleged any statutory or procedural violation in the salary petition process. They assert merely that the Sheriff abused his discretion by changing his mind regarding the effective date of the proposed raise. There is no allegation that the actions of the Sheriff or the county were otherwise improper. In fact, if the Sheriff had not agreed to modify the requested effective date of the proposed salary increases, the petition would have been in

4

violation of the Shelby County 1996-97 Salary Policy which requires that pay raises for all county employees not on the executive pay tables be effective on October 1st. Similarly, there is no showing that the Sheriff abused his discretion in, or was coerced into, changing the effective date of the raises. The Sheriff is not required to file a salary petition. He may seek any necessary raise for his deputies or no raise at all.

Secondly, given the nature of competitive bidding, bidders are necessarily intimately involved in the process. Bidders rely on the specifications included in an invitation to bid, and on the fact that the government awarding the bid does not have unfettered discretion to accept nonconforming bids. The case before us is distinguishable because the Sheriff has sole discretion to request the number of assistants he believes are "actually necessary to the proper conducting" of his office, as well as the salaries he feels are necessary to attract and retain them. Neither the Sheriff's Association nor the individual deputies are involved in this process.[1] They do not bid for their salaries and thus are not in competition with others that would warrant granting them watchdog status comparable to that allowed the competitive bidders in *MARTA*.

Even if the appellants could overcome these hurdles, they have sustained no cognizable injury sufficient to grant them standing. The deputies assert that they were injured because they were deprived of the proposed four percent (4%) raise for a period of three months. The Sheriff's Association has alleged that its rights are affected because the dues payed by its members are based on a percentage of the deputies' salary. However, "[i]n order to support an action, the interest of a party plaintiff must be a present, substantial interest, as distinguished from a mere expectancy or future, contingent interest." 59 Am. Jur. 2d *Parties* § 31 (1987). Though not binding upon this Court, federal case law on point is persuasive. In *American Federation of Government Employees, AFL-CIO v. Campbell*, 659 F.2d 157 (1980), the United States Court of Appeals for the District of Columbia Circuit held that government employees acquire a vested right to a wage increase only when the government issues an order fixing an increase. *Id*. at 163. At best, the proposed raise to be given deputies and assistants was only an expectancy. As stated earlier, the Sheriff may seek any necessary raise or none at all. In

---

[1] Although it appears that the Sheriff consulted with the Sheriff's Association before deciding on the proposed raise, neither the Association nor the individual deputies have a *right* to participate in the process.

addition, any request made by the Sheriff is subject to agreement with the county executive, and/or subject to court approval. Therefore, a public statement by the Sheriff that he would seek a certain raise effective on a certain date is merely a request contingent upon agreement with the county or approval of the court. Any "injury" sustained as a result of the Sheriff changing his mind, or as a result of the court modifying the terms of an agreement, is not injury to a present, substantial interest sufficient to grant standing to either the Sheriff's Association or the individual deputies.

If this Court were to hold otherwise, the floodgates would be opened. The appellees include a footnote in their brief which we adopt here:

> If the statute were interpreted to allow individual employees to challenge the salary rate or general increase requested by the elected official and without regard to the Salary Policy, potentially every employee of the 9 or more elected officials could challenge their salary, the courts and elected officials would be flooded with a multitude of never ending lawsuits and the purpose of the Civil Service Merit Act and the Salary Policy would be completely undermined. The consequences of such an argument if successful would be dire and absurd for a government to operate with any measure of efficiency or effectiveness.

Every government employee arguably has a "stake in the outcome" of such a process, but loss of merely a hoped for, or expected, raise is not an infringement of a property right sufficient to support standing to intervene in the process.

We find that the trial court did not abuse its discretion in denying the appellants' petition to intervene in the salary petition. The judgment of the trial court is affirmed. Costs are assessed against the appellants.

_____
W. FRANK CRAWFORD
PRESIDING JUDGE, W.S.

CONCUR:

_____
ALAN E. HIGHERS, JUDGE


_____
HOLLY KIRBY LILLARD, JUDGE

6