IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

| | |
|---|---|
| **SHELBY COUNTY DEPUTY** | FROM THE SHELBY COUNTY |
| **SHERIFFS' ASSOCIATION,** | CHANCERY COURT, THE |
| **SGT. RONALD A. HOUSTON,** | HONORABLE D. J. |
| **SGT. ROBERT MICHAEL SHELBY,** | ALISSANDRATOS, CHANCELLOR |
| **SGT. RONALD RAY, AND** | No. 108352-3 |
| **SGT. MARK ROCHEVOT,** | C.A. No. 02A01-9706-CH-00126 |
| | |
| Plaintiffs-Appellants, | ***AFFIRMED*** |
| | |
| Vs. | Alan Bryant Chambers of Memphis |
| | For Appellants |
| | |
| **SHELBY COUNTY, TENNESSEE,** | Danny A. Presley, Executive Assistant |
| **THE SHELBY COUNTY** | County Attorney; Jennifer A. Beene, |
| **COMMISSION, MAYOR JIM ROUT** | Senior Assistant County Attorney |
| **AND SHERIFF A.C. GILLESS, JR.,** | For Julian Bolton and Jim Rout |
| | |
| Defendants-Appellees. | Charlie Ashford of Memphis |
| | For A.C. Gilless, Jr. |



FILED

February 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

_____

MEMORANDUM OPINION[1]
_____

*CRAWFORD, J.*

This appeal involves a declaratory judgment suit in chancery court related to a previous proceeding in criminal court pursuant to the provisions of the "anti-fee statutes," T.C.A. § 8-20-101 *et seq..* The plaintiffs are Shelby County Deputy Sheriff's Association, Sergeant Ronald A. Houston, Sergeant Robert Michael Shelby, Sergeant Ronald Ray, and Sergeant Mark Rochevot. The defendants are Shelby County, Tennessee, the Shelby County Commission, Mayor Jim Rout and Sheriff A. C. Gilless, Jr. The complaint alleges in substance as follows:

Pursuant to the anti-fee statutes, T.C.A. § § 8-20-101 and 102, Sheriff Gilless filed a petition in the criminal court for pay increases for his deputies effective as of July 1, 1996. Previously, the county commission adopted Resolution No. 68, captioned "Resolution Approving the Shelby County Salary Policy for Fiscal 1996-1997." This resolution provided for pay increases and purported to require elected officials to follow the procedures which

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

require that pay increases be effective as of October 1, 1996. At the hearing concerning the fee application in criminal court, the sheriff acquiesced in the recommendation by the county for the pay raises to be effective October 1 and amended his petition and the order accordingly. The complaint further avers that the sheriff was misled by the mayor and commission, failed to exercise his independent judgment and discretion and that plaintiffs were deprived of pay increases as requested pursuant to the anti-fee statutes. Plaintiffs allege that Resolution No. 68 violates the statutory scheme of the anti-fee statute, and that the sheriff should be required to reconsider the presentation of the fee petition. The complaint prays that the court declare Resolution No. 68 illegal as it applies to fee officers, and in particular to Sheriff Gilless, and that an injunction be granted to require the defendants to determine salaries pursuant to the anti-fee statute and to refrain from applying Resolution No. 68 because it deprives "the sheriff of discretion presenting the fee petition." The complaint further prays that the court declare "it was an abuse of discretion for the sheriff to determine his fee petition under the erroneous interpretation that he was required as a matter of law to follow Resolution 68."

In response to the complaint, defendants filed a motion to dismiss on the grounds that the complaint fails to state a claim for which relief can be granted, the court lacks subject matter jurisdiction, and the plaintiffs lack standing to bring the suit. Subsequently, defendants filed answers asserting the same defenses and in addition averred that Sheriff Gilless was not bound by provisions of Resolution 68 and that he exercised his independent good judgment and discretion in deciding on when the pay increase should take effect.

After a hearing on the motion to dismiss, the trial court dismissed the complaint on the ground that the court did not have subject matter jurisdiction. Plaintiffs have appealed, and the only issue for review is whether the trial court erred in dismissing the complaint.

We cannot agree with the trial court that the trial court lacked subject matter jurisdiction. The complaint seeks a declaratory judgment and other relief and the court does have subject matter jurisdiction to entertain such a complaint. T.C.A. § 29-14-102 (1980). However, the court correctly dismissed the complaint because there is no justiciable controversy, and the complaint fails to state a claim upon which relief can be granted. Moreover, plaintiffs have no standing to maintain the suit.

2

The complaint recognizes that Resolution 68 cannot be used to override the provisions of the anti-fee statute. The criminal court entertained Sheriff Gilless's petition for pay increases pursuant to the anti-fee statute. The plaintiffs in the instant case attempted to intervene in that proceeding and, upon the trial court's denial of their petition to intervene, appealed to this Court. *Shelby County Deputy Sheriff's Association, et al v. A.C. Gilless, Jr., et al,* C.A. No. 02A01-9703-CR-00065, 1997 WL 675465 (Tenn. App. Oct. 29, 1997). This Court determined, among other things, that the petitioning intervenors had sustained no cognizable injuries sufficient to grant them standing. The Court said:

> At best, the proposed raise to be given deputies and assistants was only an expectancy. As stated earlier, the Sheriff may seek any necessary raise or none at all. In addition, any request made by the Sheriff is subject to agreement with the county executive, and/or subject to court approval. Therefore, a public statement by the Sheriff that he would seek a certain raise effective on a certain date is merely a request contingent upon agreement with the county or approval of the court. Any "injury" sustained as a result of the Sheriff changing his mind, or as a result of the court modifying the terms of an agreement, is not injury to a present, substantial interest sufficient to grant standing to either the Sheriff's Association or the individual deputies.

*Id.* at *3.

The sheriff has an absolute right to petition the court pursuant to T.C.A. § 8-20-101, but is not required to seek pay raises for his deputies. The matter of whether to seek pay raises and under what terms is a matter within the discretion of the sheriff, but his request must abide the decision of the court entertaining the petition. Plaintiffs in this case, as in the fee petition case, have no vested right to a pay raise in any amount or at any time.

Resolution 68 which adopted the salary policy and was promulgated pursuant to the provisions of Chapter 110 of the Private Acts of 1971 establishing the civil service system for Shelby County does not affect plaintiffs because the sheriff filed a salary petition in criminal court. In *Key v. Bolton*, No. 02A01-9703-CR-00072, 1997 WL 464771 (Tenn. App. Aug. 13, 1997), this Court had before it the precise issue of whether Chapter 110 of the Private Acts of 1971 "precludes a Shelby County official from filing a petition to seek a pay increase for the employees of his department pursuant to T.C.A. § 8-20-101." *Id.* at *1. The Court held that it did not.

Plaintiffs in the instant case seek another court decision for a matter that has already been decided. There simply is no justiciable controversy. The complaint on its face shows that the plaintiffs have sustained no cognizable injury and that the correct procedure for pay increases for deputy sheriffs was followed by the defendant sheriff.

Although the trial court correctly dismissed the case, it appears that it was for the wrong reason. Where a trial court rules correctly but for an erroneous reason, the appellate court will sustain the ruling upon what it conceives to be the correct theory. *Duck v. Howell*, 729 S.W.2d 110 (Tenn. App. 1986).

Accordingly, the order of the trial court dismissing plaintiffs' complaint is affirmed. Costs of the appeal are assessed against the appellants.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**HOLLY KIRBY LILLARD, JUDGE**