# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 22, 2016 Session

### IN RE C.H.

**Interlocutory Appeal from the Juvenile Court for Jefferson County**
**No. 15-00926    Dennis (Will) Roach, II, Judge**

_____

### No. E2016-00702-COA-R9-PT-FILED-JANUARY 31, 2017
_____

This is a Tenn. R. App. P. 9 interlocutory appeal.  Biological grandparents of a child at issue in a termination of parental rights action sought to intervene in the termination proceeding.  The child had lived in the grandparents' home with them and the child's parents.  The Department of Children's Services removed the child from that home and later sought to terminate the parental rights of the child's parents.  The grandparents filed a motion to intervene. The trial court denied their motion, but granted their request for an interlocutory appeal.  Thereafter, we also granted their request for interlocutory review.  We affirm the decision of the trial court and now remand this case to the trial court for further proceedings.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Juvenile Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

John T. Sholly, Knoxville, Tennessee, for the appellants, J.H. and S.J.

Herbert H. Slatery III, Attorney General and Reporter, Andrée S. Blumstein, Solicitor General, and Kathryn A. Baker, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

Linda G. Larson, Dandridge, Tennessee, for the appellee, K.J.

# OPINION

## I.

J.H. (grandmother) and S.J. (grandfather) are the maternal grandparents of the child at issue, C.H. The child was born in May 2010 to K.J. (mother) and R.H. (father). Since 2010, the child had lived with his grandparents. The same house was also shared by the child's parents, aunt, and older cousin. DCS removed the child from the home in November 2014 due, in part, to the parents' drug use.

DCS filed a dependency and neglect action against the child's parents in the trial court. The grandparents sought to intervene, but their application was denied. On October 16, 2015, DCS filed a petition to terminate the parental rights of the child's parents. The grandparents again moved to intervene. Along with their motion, they attached three affidavits[1] asserting that the grandparents, rather than the parents, looked after the child, providing him with food, shelter, clothing, and transportation, among other things. The trial court dismissed the motion to intervene, stating:

> this matter, including a hearing on the merits, has previously been heard on September 2, 2015, in the Dependence and Neglect case filed in this court on November 26, 2014, and nothing has changed regarding the [grandparents'] circumstances since then.

The grandparents then asked the trial court to permit them to pursue a Tenn. R. App. P. 9 interlocutory appeal. The trial court granted their request. It listed the following reasons for its action:

> Having given consideration to the severity of potential injury to the [grandparents], the probability of its occurrence and the probability that review upon entry of final judgment will be ineffective, this Court believes this Order is appealable due to the need to prevent irreparable injury.

---

[1] The grandparents' motion to intervene states that "five (5) notarized affidavits from friends, family, neighbors, and teachers" are attached to the document. Only three affidavits – from, respectively, the child's grandmother, the child's aunt, and family friend, Michelle Durand – are attached to the motion in the record.

The [grandparents] are seeking permission to Intervene in a Termination of Parental Rights action with a view to obtaining visitation with and/or custody of their grandson, the minor child in the case. If they are not allowed to intervene at this time, they will be unable to appeal the final judgment as they would not be parties to the case. If their daughter's rights are terminated, [the grandparents] will forever be deprived of a legal relationship with the child, which is an irreparable injury. Even if they do not prevail in their petition for custody, if [the grandparents] are allowed to intervene they would at least have the opportunity to seek visitation with their grandson during the pendency of this matter until he is adopted.

For purposes of judicial efficiency and economy, and to prevent the need for additional filings by [the grandparents,] which might delay permanent placement of the child, which would not be in his best interest, this Court believes the appeal should be permitted.

(Paragraph numbering in original omitted.)

## II.

In the order granting this appeal, we certified the following question:

Whether the Trial Court erred in denying the motion to intervene as parties filed by the applicant/grandparents in the termination of parental rights proceeding below.

## III.

With respect to intervention as a matter of right, we review the trial court's decision de novo with no presumption of correctness. *Gonzalez v. State Dept. of Children's Servs.*, 136 S.W.3d 613, 616 (Tenn. 2004) (citing *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000)). "When there is no basis for intervention as of right, the decision to allow intervention is a matter within the discretion of the trial court. This decision should not be reversed by an appellate court absent a showing of abuse of discretion." *Shelby Cty. Deputy Sheriff's Ass'n v. Gilless*, 972 S.W.2d 683, 685 (Tenn. Ct. App. 1997) (citing Tenn. R. Civ. P. 24.02; *Ballard v.*

*Herzke*, 924 S.W.2d 652, 658 (Tenn. 1996)). We review the trial court's factual findings, if any, de novo with a presumption of correctness, unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d).

## IV.

### A.

The grandparents sought to intervene as a matter of right and, alternatively, via permission pursuant to Tenn. R. Civ. P. 24. In Tennessee, chancery, circuit, and juvenile courts have concurrent jurisdiction to terminate parental rights. *Gonzalez*, 136 S.W.3d at 617 (citing Tenn. Code Ann. § 36-1-113(a)). As a result,

> [b]ecause the Rules of Civil Procedure concerning intervention would apply in both chancery and circuit court proceedings to terminate parental rights, and because their application would not compromise the efficacy of juvenile proceedings, we find that standing to intervene in a termination proceeding in juvenile court should be analyzed under Rule 24 of the Rules of Civil Procedure. *See* Tenn. R. Civ. P. 1 (2003). Accordingly, we expressly overrule any holding to the contrary.

*Id.* (internal citations omitted).[2] Tenn. R. Civ. P. 24 provides that the authority to intervene may be conferred expressly by statute. *Gilless*, 972 S.W.2d at 685. Without such express authority, "determining whether a party is entitled to judicial relief 'requires the court to decide whether the party has a sufficiently personal stake in the outcome of the controversy to warrant the exercise of the court's power on its behalf.' " *Id.* (quoting *Metro. Air Research Testing Auth. (MARTA) v. The Metro. Gov't of Nashville*, 842 S.W.2d 611, 615 (Tenn. App. 1992)).

### B.

Tenn. R. Civ. P. 24.01 provides when intervention by right is permitted:

---

[2] DCS and the grandparents acknowledge on appeal that as of July 1, 2016, Tenn. R. Juv. P. 304 provides for intervention by right or by permission in juvenile court. The parties agree, as does this Court, that the current action should proceed under Tenn. R. Civ. P. 24 because this matter began prior to July 1, 2016.

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties.

The grandparents rely on subpart (2) of the above rule. They assert that "[t]heir interest in the future and well-being of their grandson is obvious[.]" DCS argues that interest is "too attenuated" to allow intervention by right. Under our case law, "the precise nature of the interest required to intervene as of right has eluded exact definition." *In re Brian M.*, No. E2014-00941-COA-R3-PT, 2015 WL 78179, at *4 (Tenn. Ct. App., filed Jan. 6, 2015). Still, the required interest "does not include a mere contingent, remote, or conjectural possibility of being affected as a result of the suit, but must involve a direct claim on the subject matter of the suit such that the intervenor will either gain or lose by direct operation of the judgment." *Id.* (quoting *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 192 (Tenn. 2000)). For the reasons set forth below, we hold that the grandparents have not established an interest sufficient to permit intervention by right in this termination proceeding.

A grandparent's biological relationship with a child, in and of itself, is not enough to establish a right to intervene in a termination case brought against a child's parents. *Gonzalez*, 136 S.W.3d at 620. In *Gonzalez*, the Supreme Court analyzed the "varying conclusions" reached by other state courts "regarding the right of grandparents to intervene in dependency and neglect and termination of parental rights proceedings." *Id.* at 618-20. The Court determined that "[a]lthough it is conceivable that a grandparent may adduce evidence sufficient to support intervention as of right in a parental termination hearing, we agree with the majority of jurisdictions which hold that *the grandparental relationship does not alone support intervention.*" *Id.* at 620 (emphasis added). In support, the *Gonzalez* court noted that grandparents are not included in the list of the parties who are mandatory participants in a termination proceeding under Tenn. Code Ann. § 36-1-117(a) (2014). Further, subsection (d) of the same statute provides "[o]ther biological or legal relatives of the child . . . are not necessary parties to the proceeding unless they are legal guardians as defined in § 36-1-102 or legal custodians of the person of the child . . . at the time the petition is filed." *Id.* Here, the grandparents were neither the guardian nor custodian of the child at the time the petition was filed.

The grandparents point out that, in contrast to the grandparents in *Gonzalez*, they have a relationship with the child beyond that of a biological one. *Gonzalez*, 136 S.W.3d at 615, 620. The child, with his parents, had lived in the grandparents' home until his removal by DCS. Grandmother asserts by affidavit that she and grandfather had "assumed almost all parental responsibility for [the child]," while his parents "were not interested or capable of caring for their son." The grandparents argue that their role in caring for the child establishes their right to intervene in the current suit. In support, they point out that this Court previously held that a legally-protected interest sufficient to allow intervention by a non-parent in a termination action may arise through "the actual exercise of significant parental duties, control, or responsibilities for the child's benefit." *Skerrett v. The Ass'n for Guidance*, No. M2002-00218-COA-R3-JV, 2003 WL 21634412, at *2 (Tenn. Ct. App., filed July 11, 2003) *overruled by Gonzalez* 136 S.W.3d at 617, n.8. However, the grandparents' reliance on *Skerrett* is misplaced. The *Skerrett* court, at the outset of its analysis, held that Tenn. R. Civ. P. 24 is *not* applicable to juvenile court proceedings. 2003 WL 21634412, at *2. Our Supreme Court expressly overruled that holding, stating that "standing to intervene in a termination proceeding in juvenile court should be analyzed under Rule 24 of the Rules of Civil Procedure." *Gonzalez* 136 S.W.3d at 617, n.8. Instead of applying Tenn. R. Civ. P. 24, the *Skerrett* court "look[ed] elsewhere for the rules and principles that should be used to determine whether a party should be permitted to intervene in a proceeding to terminate parental rights." *Id.* As previously noted, pursuant to *Gonzaelz*, we must determine whether intervention is proper under Tenn. R. Civ. P. 24. Because *Skerrett* did not proceed under Tenn. R. Civ. P. 24, we decline to follow it here.

The grandparents rely upon language from the "visitation rights of grandparents" statutory scheme codified at Tenn. Code Ann. § 36-6-306(b)(2) (2015),[3] to establish that the bond they have with their grandchild is "significant." If the grandparents cite this statute to establish an interest sufficient to allow intervention in this termination

---

[3] This portion of Tenn. Code Ann. § 36-6-306(b) provides:

> (2) For purposes of this section, a grandparent shall be deemed to have a significant existing relationship with a grandchild if:
> (A) The child resided with the grandparent for at least six (6) consecutive months;
> (B) The grandparent was a full-time caretaker of the child for a period of not less than six (6) consecutive months; or
> (C) The grandparent had frequent visitation with the child who is the subject of the suit for a period of not less than one (1) year.

proceeding as a matter of right, their reliance is misplaced. The plain language of Tenn. Code Ann. § 36-6-306(b)(2) indicates that the description only applies "[*f*]*or purposes of this section*[.]" (Emphasis added.) Simply stated, the statute has absolutely nothing to do with a grandparent's attempt to intervene in a termination case. This is shown by the express language of the statute.

Notably, despite having lived with the child, the grandparents lacked standing to file a termination petition under Tenn. Code Ann. § 36-1-113(b)(1) (2015). Under that statute, "prospective adoptive . . . parents, including extended family members caring for a related child . . . shall have standing to file" a termination petition against the child's parents. "[P]rospective adoptive parents" are defined as

> non-agency . . . persons who are seeking to adopt a child and who have made application with a licensed child-placing agency or licensed clinical social worker or the department for approval, or who have been previously approved, to receive a child for adoption, or who have received or who expect to receive a surrender of a child, or who have filed a petition for termination or for adoption[.]

Tenn. Code Ann. § 36-1-102(41) (2015). The grandparents have not established that they "have made application with" a licensed child-placing agency, a licensed clinical social worker, or DCS for approval to adopt the child, nor that they have previously received such approval. Significantly, a "prospective adoptive parent" is one who has "the legal capacity and ability" to file a petition for adoption. *In re Sonya M.*, No. M2015-00064-COA-R3-PT, 2015 WL 4381567, at *3 (Tenn. Ct. App., filed July 16, 2015) (quoting *In re Shelby L.B.*, No. M2010-00879-COA-R9-PT, 2011 WL 1225567, at *10 (Tenn. Ct. App., filed March 31, 2011)). "[P]ersons filing for adoption must have physical custody of the child or the right to receive physical custody pursuant to a valid surrender." *In re Sonya M.*, 2015 WL 4381567, at *3 (citing Tenn. Code Ann. § 36-1-111(d)(6); *see In re Adoption of M.J.S.*, 44 S.W.3d 41, 49 (Tenn. Ct. App. 2000)). Tenn. Code Ann. § 36-1-115(b) (2014) reserves an exception to the physical custody requirement at the time of filing if a party is "filing an intervening petition seeking to adopt the child." The child before us has been in DCS custody since November 2014. The grandparents have not filed a petition for termination or for adoption, nor have they filed a petition to intervene in an adoption proceeding. Without meeting the definition of "prospective adoptive parents," they would not have standing to file for termination.

The grandparents assert that their "interest" will disappear "*if the current action ends with* the rights of the parents being terminated and *the child being adopted*[.]"

(Emphasis added.) However, "[t]he sole purpose of the termination proceeding under Tenn. Code Ann. § 36-1-113 is to sever irrevocably the legal relationship between biological parents and their children." *In re M.J.B.*, 140 S.W.3d 643, 651 (Tenn. Ct. App. 2004). Should the court terminate a parent's rights to the care and custody of a child,

> the court may award guardianship or partial guardianship of the child to a licensed child-placing agency or the department. Such guardianship shall include the right to place the child for adoption and the right to consent to the child's adoption. Upon termination of parental or guardian rights, the court may award guardianship or partial guardianship to any prospective adoptive parent or parents with the right to adopt the child, or to any permanent guardian who has been appointed pursuant to title 37, chapter 1, part 8.

Tenn. Code Ann. § 36-1-113(m). "[W]hen partial guardianship has been granted to DCS or any party, the guardianship carries certain rights that must be dealt with before another party can adopt the child." *In re Don Juan J.H.*, No. E2010-01799-COA-R3-JV, 2011 WL 8201843, at *3 (Tenn. Ct. App., filed Sept. 7, 2011). If DCS is awarded guardianship at the conclusion of a termination action, "Tenn. Code Ann. § 36-1-102 and 113 grant DCS the right to place the child for adoption, and to consent to the adoption." *Id.* at *3 (citing *In re E.M., II*, No. W2006-00663-COA-R3-CV, 2006 WL 3007511 (Tenn. Ct. App., filed Oct. 24, 2006)). The child in this case will not be adopted as of the conclusion of the current termination action.

Considering other jurisdictions, the *Gonzalez* court found "[i]n the majority of cases . . . grandparents are not allowed to intervene in termination cases either because their interests are adequately represented by the parent's attorney or guardian ad litem, or because they are deemed to have no interest in the outcome of the proceedings." *Gonzalez*, 136 S.W.3d at 619. In *In re Brian M.*, this Court considered grandparents' request to intervene in a termination of parental rights case brought by DCS against the child's parents. 2015 WL 78179, at *1. There, the father was a convicted felon, serving a long prison sentence. *Id.* The children's paternal grandparents filed a motion to intervene, but were denied. *Id.* at *1-2. On appeal, we affirmed, finding, in part,

> [t]he pending custody petition . . . did not warrant intervention when Father was capable of adequately representing their interest in the termination proceeding. The parties and the court were apprised of the situation regarding

Grandparents' desire to adopt the Children. Indeed, Father
testified to that fact during the proceeding.

*Id.* at *4. Here, DCS argues that if the grandparents established an interest in the current action, that interest would be "adequately represented" by the parents. Under Tenn. R. Civ. P. 24.01(2) intervention is inappropriate where "the applicant's interest is adequately represented by existing parties." The grandparents maintain that if they are "allowed to intervene, their testimony will be against the interests of the parents[.]" However, mother expressed support for the grandparents' position in a brief she filed in the current appeal. She stated that she "does not refute that [the grandparents] and [the child] were extremely bonded" and expressed her desire for the child to be returned to their home. We find that mother would adequately represent any interest the grandparents have in the termination action. As a result, intervention as a matter of right is not appropriate under Tenn. R. Civ. P. 24.01.

## C.

We also must consider the grandparents' request for permissive intervention:

> Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising discretion the court shall consider whether or not the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Tenn. R. Civ. P. 24.02(2). "Where . . . a common question of law or fact is established, the decision to allow intervention is a matter entrusted to the trial court's discretion, and the decision should not be reversed by an appellate court absent a showing of abuse of discretion." *Ballard*, 924 S.W.2d at 658. "An abuse of discretion exists when the reviewing court is firmly convinced that the lower court has made a mistake in that it affirmatively appears that the lower court's decision has no basis in law or in fact and is therefore arbitrary, illogical, or unconscionable." *Brown*, 18 S.W.3d at 191 (citing *Ballard*, 924 S.W.2d at 661). Here, the grandparents do not address how the trial court abused its discretion. Instead, they simply state that they raised a common question – "that of [C.H.]'s future" and a desire to "vigorously pursue [the child]'s best interest." In *In re Brian M.*, this Court affirmed a trial court's denial of a motion to intervene despite concluding that "[t]he proceedings admittedly had a question of law or fact in common, namely the best interest of the [c]hildren." 2015 WL 78179, at *4. There, we affirmed

9

after finding the trial court did not abuse its discretion or act against logic in concluding intervention was not proper under Tenn. R. Civ. P. 24.02. ***Id.***

We find that the gravamen of the grandparents' argument is in support of their position that they are entitled to visitation with or custody of the child. To this point, the trial court stated the grandparents seek permission to intervene "with a view to obtaining visitation with and/or custody of their grandson[.]" In the current appeal, the grandparents seek to intervene in a termination of parental rights proceeding, which has the "sole purpose" under Tenn. Code Ann. § 36-1-113 of "sever[ing] irrevocably the legal relationship between biological parents and their children." ***In re M.J.B.***, 140 S.W.3d at 651. "Permissive intervention is generally not proper when the intervenor seeks to raise new claims or issues against the existing parties." ***Brown***, 18 S.W.3d at 191(citing ***Ariz. v. Calif.***, 460 U.S. 605, 614 (1983)). We find any efforts by the grandparents to obtain visitation through intervention in a termination proceeding are misplaced. For the reasons set forth above, we find no abuse of discretion in denying the grandparents' motion to intervene.

"This ruling, made at this interlocutory stage of the proceedings, does not leave the [grandparents] without a remedy. They may participate in the termination proceedings as witnesses," pursue adoption, or seek other appropriate options. ***Gonzalez***, 136 S.W.3d at 620.

## V.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant grandparents, J.H. and S.J. This case is remanded to the trial court for further proceedings consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE

10